980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
CITY OF LIVONIA; City of Southfield; 36th District Court;
35th Judicial Court; 44th Judicial Court; 52nd Judicial
Court; 48th Judicial Court; 45B Judicial Court; Court of
Appeals; Oakland County Circuit Court; Susan Moiseev;
Norman L. Lippitt; State of Michigan; Richard Cyrul;
Donna Beaudett; Richard H. Austin; 16th Judicial Court;
Robert Brezezinski; Joseph Mysliwiec; Patricia Eisenhardt;
State Court Administrator; 46th Judicial Court; Winnie
Krieger; Webster Buehl; Allen Abbey; Paul Bertram;
Michigan Department of Labor; Elizabeth Howe; Michigan
Employment Security Commission; Doris Stuart; Carolyn
Michael; Oakland County; Frank Kohl; Wayne County Circuit
Court, Defendants-Appellees.
 No. 90-2024.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 David A. Kersh appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Kersh sued numerous state defendants, alleging that they violated his civil rights. Although Kersh's exact claims are unclear, he appears to assert that the defendants excessively taxed certain real property owned by him and the defendants improperly suspended his driver's license. On June 29, 1990, the district court concluded that 26 of the 34 defendants were entitled to either absolute or Eleventh Amendment immunity and dismissed the claims against them. The court also dismissed without prejudice certain pendent state law claims brought by Kersh. Lastly, the court dismissed the remaining eight defendants because Kersh failed to specify with sufficient certainty the claims against these defendants. However, the court provided Kersh until July 16, 1990, in which to file an amended complaint against these defendants.
 
 
 3
 The court subsequently granted Kersh's motion for an extension of time in which to file the amended complaint until July 30, 1990. On that date, Kersh filed another motion for extension of time, alleging that he was unable to prepare the amended complaint due to a medical disability. The court denied this motion and dismissed the case. Kersh has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Kersh's claims. Construing the complaint in the light most favorable to the plaintiff and accepting all his factual allegations as true, we determine that the plaintiff can undoubtedly prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Further, we conclude that the district court did not abuse its discretion in denying Kersh's motion for an extension of time to file an amended complaint.
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the district court's orders filed on June 29, 1990 and August 2, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.